IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VICKI CRISWELL,

                Plaintiff,

v.                                                                           1:08-cv-1686-WSD

INTELLIRISK MANAGEMENT
CORPORATION, INC. and
ALLIED INTERSTATE, INC.,

                Defendants.

## OPINION AND ORDER

This matter is before the Court on Intellirisk Management Corporation, Inc.'s and Allied Interstate, Inc.'s ("Defendants") Motion in Limine [93] (the "Motion"). Plaintiff Vicki Criswell ("Plaintiff") asserts claims for breach of contract against Defendants in connection with their alleged breach of an agreement to pay Plaintiff a bonus and to provide her with stock options.

On February 12, 2015, Defendants filed their Motion, arguing that Plaintiff should be barred from introducing any evidence or arguments at trial (1) related to her previously filed Title VII sexual harassment and hostile work environment case

against Defendants, which settled and is now dismissed[1] and (2) regarding other lawsuits that have been filed against Defendants in which the plaintiffs did not allege any breach of contract claims (collectively the "Other Litigation").  (Motion at 1).  Defendants argue that the Other Litigation evidence is not relevant to this action, is prejudicial, and that evidence regarding the settlement of Plaintiff's Title VII case is not admissible pursuant to Rule 408 of the Federal Rules of Evidence

On February 26, 2015, Plaintiff filed her Response [94], stating that she does not intend to introduce the Other Litigation evidence at trial.  Plaintiff seeks to reserve the right to use Other Litigation evidence in rebuttal if Defendants present evidence or argument that would cause the Other Litigation evidence to become relevant and admissible.[2]  Plaintiff also asserts that she may seek to use pleadings, deposition testimony, or other evidence from Defendants' other cases, if the Court allows it, to impeach defense witnesses.

The Other Litigation evidence will not be allowed without prior notice to and approval of the Court.  The Court accepts Plaintiff's representation that she will not introduce Other Litigation evidence in her case-in-chief.  If Plaintiff

---

[1]  Criswell v. Intellirisk Management Corporation, Inc., et al, 05-cv-718 (N.D.Ga.).  This case was dismissed with prejudice on July 23, 2014.

[2]  For example, Plaintiff argues that if Defendants claim that Plaintiff is overly litigious, Plaintiff reserves the right to show that her earlier Title VII claim had merit.

believes that evidence or testimony offered by Defendants make the Other Litigation evidence relevant and admissible, she may request the Court to determine, out of the presence of the jury, whether the Other Litigation evidence is permitted to be introduced for impeachment or for any other purpose.  The Court cannot now determine whether such evidence will be relevant and, if relevant, whether such evidence would be admitted after consideration of the factors established by Rule 403 of the Federal Rules of Evidence.  See Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").  The Court can make this admissibility determination only with the benefit of the evidence admitted at trial.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine [93] is **GRANTED** with respect to the introduction of Other Litigation evidence in Plaintiff's case-in-chief, and opening or closing statements at trial.  Plaintiff, however, may request to introduce Other Litigation evidence if evidence introduced after Plaintiff's case-in-chief supports a request to admit Other Litigation evidence.  If Plaintiff intends to introduce Other Litigation evidence in

rebuttal or to impeach, Plaintiff must provide notice to the Court of her intention to do so to permit the Court to consider the request outside the presence of the jury

**SO ORDERED** this 1st day of April, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE